**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ERIC CASTRELLON** **PETITIONER**

**VS.** **4:14-CV-00682 SWW-JTR**

**SHEILA SHARP, Director,**
**Arkansas Department of**
**Community Correction** **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Background

Pending before the Court is a 28 U.S.C § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Eric Castrellon ("Castrellon").[1] Before addressing Castrellon's habeas claims, the Court will review the procedural history of the case in state court.

On August 22, 2012, Castrellon was convicted of one count of second-degree sexual assault. The jury recommended a sentence of five years' probation. The court accepted the jury's recommendation, but required Castrellon to serve sixty (60) days in jail.[2]

On August 29, 2012, Castrellon appealed his conviction to the Arkansas Court of Appeals where he argued, through counsel,[3] that the trial court erred by: (1) denying his motion for directed verdict; and (2) denying him access to the victim's mental health counseling records. On June 19, 2013, the Court affirmed. *Castrellon v. State*, 2013 Ark. App. 408 (2013). Among other things, the Court concluded that the victim's testimony alone was sufficient to sustain Castrellon's convictions:

> The victim in this case, twelve-year-old H.C., testified at trial that Castrellon was an old family friend of her father's, as well as her pastor. On the night of the events in question, H.C. spent the night with Castrellon's children, A.C. and J.C., who were her friends. The

---

[1] *Doc. 1*.
[2] *Doc. 13*, Exh A (sealed).
[3] Castrellon was represented by Jeff Rosenzweig at trial and on direct appeal. Mr. Rosenzweig is also representing Castrellon in this federal habeas action.

> girls all went to sleep in A.C.'s bunk bed. At some point during the night, H.C. stated that she woke up, opened her eyes, and saw Castrellon. She felt him "rubbing on [her] vaginal region" over her clothes. H.C. said she did not know how long the rubbing had been going on before she opened her eyes, but it stopped after she woke up.
>
> Castrellon's wife testified that, on the night in question, she asked Castrellon to go into the girls' bedroom and check to see if their five-year-old daughter had wet the bed. She said that she did not tell Castrellon that they had company that night. Castrellon also testified that he had no idea that H.C. was in the house that night. He subsequently stated, however, that he came home late that night and recognized that his wife was tired because she had "the four kids, plus H.C." that day.
>
> Castrellon testified that he went in the bedroom to check whether the five-year-old had wet the bed. He said that he "just felt around to see if [he] could feel wetness," but then he saw a "bigger leg" and realized that H.C. was in his daughter's bed. He thought H.C. was asleep, so he left the room and did not say anything to anyone because it would have been "awkward." Castrellon denied knowing who he was touching at the time. He noted that he had been around H.C. many times after that, and her behavior did not lead him to think that she was afraid of him or that he had done anything to her.
>
> . . .
>
> The jury in this case chose to believe H.C. Her testimony, standing alone, constituted substantial evidence to sustain Castrellon's conviction.

*Castrellon v. State*, 2013 Ark. App. at **3-4.

On July 5, 2013, Castrellon filed a petition for rehearing with the Arkansas Court of Appeals[4] and a petition for review with the Arkansas Supreme Court.[5]

---

[4] *Doc. 10-5*.

[5] *Doc. 10-7*.

On August 21, 2013, the Arkansas Court of Appeal denied Castrellon's petition for rehearing.[6] On September 5, 2013, the Arkansas Supreme Court denied Castrellon's petition for review.[7] Castrellon did not seek post-conviction relief under Rule 37 of the Ark. Rules of Criminal Procedure.[8]

On November 25, 2014, Castrellon filed the current § 2254 petition. He contends that: (1) his due process rights were violated by the trial court's refusal to grant him access to *all* of H.C.'s mental health counseling records, which *might* have contained exculpatory impeachment evidence; (2) the state appellate court's ruling that he failed to preserve his Ark. R. Evid. 510 waiver argument should not be construed as an independent and adequate state decision sufficient to bar federal review; and (3) if he is deemed to have procedurally defaulted his Ark. R. Evid. 510 waiver argument, then his trial counsel was constitutionally ineffective for failing to preserve that issue.

Respondent argues that: (1) the Arkansas appellate courts' rejection of Castrellon's federal due process argument is consistent with United States Supreme Court precedent and is entitled to deference; (2) the Arkansas appellate courts' decision that Castrellon failed to preserve his Ark. R. Evid. 510 waiver argument is an independent and adequate construction of state law that prevents

---

[6] *Doc. 10-6.*

[7] *Doc. 10-8.*

[8] Castrellon contends a Rule 37 petition was not an option, since he was not "in custody." Respondent does not dispute this contention.

this Court from considering the merits of that issue; and (3) Castrellon cannot establish that his trial counsel was constitutionally ineffective so as to excuse his procedural default of the Ark. R. Evid. 510 waiver argument.

For the reasons discussed below, Court recommends that Castrellon's Petition for a Writ of Habeas Corpus be denied and that the case be dismissed, with prejudice.

## II. Discussion

### A. The Evidentiary Rulings Giving Rise To Castrellon's Claims for Habeas Relief

Castrellon contends that his due process rights under the Fourteenth Amendment were violated when he was denied access to evidence "which would have potentially impeached" the victim's trial testimony.[9] His constitutional challenge is rooted in evidentiary rulings made before and during his trial. Specifically, Castrellon contends that the trial court committed constitutional error: (1) in denying him access to *all* of the victim's mental health counseling records for treatment she received *after* Castrellon's sexual assault; [10] and (2) in rejecting

[9] *Doc. 1* at p. 15.

[10] In making this pretrial ruling, the court applied the following sub-parts of Arkansas Rule of Evidence 503:

> (b) *General Rule of Privilege*. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing his medical records or confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, . . . among himself, physician or psychotherapist, and persons who are participating in

his attorney's argument at trial that the victim waived any privilege created under Ark. R. Evid. 503 by testifying on direct that she had suffered from depression since the assault.[11] The Court will now review the specific trial court rulings that Castrellon seeks to challenge.

First, on April 24, 2012, the trial court conducted a pre-trial hearing on the discoverability of the victim's mental health counseling records.[12] After hearing testimony from the victim's parents and Castrellon's wife, the trial court ruled that

---

> the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.
>
> . . .
>
> (d) Exceptions:
>
> . . .
>
> (3) Condition and element of claim or defense.
>
> (A) There is no privilege under this rule as to medical records or communications relevant to an issue of the physical, mental or emotional condition of the patient in any proceeding in which he or she relies upon the condition as an element of his or her claim or defense, . . .

In his habeas Petition, Castrellon asserts that the trial court's "rulings" to deny him access to these records "was an unreasonable application" of *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). *See Doc. 1* at p. 16 ("[T]he Arkansas courts' decision to withhold access to the victim's counseling records was an unreasonable application of *Pennsylvania v. Ritchie*, . . ."). In making that argument, Castrellon does not distinguish between the trial court's pretrial and trial rulings. Accordingly, this Court construes Castrellon's Petition as challenging *both* the trial court's pre-trial *and* trial rulings.

[11] In making this waiver argument, Castrellon's attorney relies on Arkansas Rule of Evidence 510, which states:

> A person upon whom these rules confer a privilege against disclosure waives the privilege if he or his predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter. This rule does not apply if the disclosure itself is privileged.

[12] *Doc. 13*, *Exh. J* at pp. 139-200 (Hearing, April 24, 2012) (sealed). Castrellon requested the Court to allow him to review "medical, pharmaceutical and counseling records." *Id*. at p. 144. However, the only such records that are at issue are the victim's counseling records. There is no dispute that those counseling records qualify as "medical records" for which Ark. R. Evid. 503 creates a privilege.

certain counseling records, related to the victim's treatment *before* Castrellon's sexual assault, were potentially relevant and had to be turned over to his attorney. However, the trial court denied Castrellon's attorney access to the victim's counseling records for the treatment she received *after* the alleged assault.

Castrellon's attorney then requested the trial court to make an *in camera* review of the withheld counseling records to determine if they contained any exculpatory evidence.[13] The trial court agreed to the request and, after conducting an *in camera* review of the *post-assault* counseling records, it informed the parties that there was nothing "in the records that would be considered exculpatory."[14]

Castrellon acknowledges in his Petition that: (1) he was "given access to some [of the victim's counseling] records; (2) he was able to cross examine the victim and her parents about allegations of behavioral changes as a result of the alleged abuse; and (3) he was able to elicit on cross-examination that the victim was on Adderall *before* the alleged abuse."[15] However, because he was not allowed to make his own independent review of all the victim's post-assault

---

[13] During the pre-trial hearing, Castrellon's counsel noted that he had "no problem with the proposition that a decision on whether something is privileged or not may be done in-camera." *Doc. 13*, *Exh. J* at p. 140 (sealed).

[14] The Arkansas Court of Appeals noted the trial court's *explicit finding* that nothing "in the records [could] . . . be considered exculpatory or *Brady* material." *Castrellon v. State*, 2013 Ark. App. 408 at *1; *see also Doc. 13*, *Exh. J* at pp. 189-194 (sealed). Because there was *nothing* exculpatory in those counseling records and the prosecutor did *not* have access to those records, there is nothing to support a *Brady* claim in this case.

[15] *Doc. 1* at p. 3. During the pre-trial hearing, the victim's mother testified that her daughter was placed on Adderall to address problems at school. *Doc. 13, Exh. J* at pp. 178-179 (sealed).

counseling records, he "was unable to meet the assertions of counseling and depression that the accuser and the prosecutor gratuitously inserted into the trial."[16]

Second, during trial, the prosecutor asked the victim, on redirect, how she coped with what had happened to her, and she responded: "I've gone to see various counselors, and I've, I've had – I've suffered from depression since."[17] Castrellon's counsel objected and renewed his motion for access to the counseling records that were the subject of the Court's *in camera* review.[18] The Court denied the motion and also denied the request for a mistrial or a limiting instruction.[19]

---

[16] *Doc. 1* at p. 3.

[17] *Doc. 13, Exh. J,* at p. 283 (sealed).

[18] The transcript of the colloquy between defense counsel and the trial court reads:

*Mr. Rosenzweig*: Your Honor, may I approach?

*The Court*: You may.

[Discussion outside the presence of the jury]

*Mr. Rosenzweig*: She's talking about things. Apparently there are records that we don't have. She's talking about various counselors and stuff that we don't have that may have been provided to you and not provided to us.

*The Court:* They weren't provided to me. Counseling records of a victim after the incident aren't admissible.

*Mr. Rosenzweig*: Well, Your Honor, she was talking about a diagnosis.

*Mr. Duncan*: Can we keep our voices down?

*Mr. Rosenzweig*: She was talking about a diagnosis. If she's asserting a diagnosis of depression, that's something I would submit that - - -

*The Court*: That was contained in the records that I reviewed.

Mr. Rosenzweig: It was?

The Court: Yes.

*Mr. Rosenzweig*: Okay. Well, Your Honor, our position is we are entitled to them, and, I, you know, we don't know what records you reviewed, but I would ask that they be unsealed at this time so I can look at them.

The Court: That'll be denied.

*Mr. Rosenzweig*: Okay. Note my objections, Your Honor. Note my objections, Your Honor.

I would ask that the jury be instructed - - My position is, is that the bell cannot be unrung with regard to a claim of depression, and I would ask for a mistrial. And

When the victim's mother was called to testify, the court granted Castrellon's objection to the prosecutor making any further inquiry into post-assault behavioral changes.[20]

**B. Analysis of Castrellon's Habeas Claims**

**1. Castrellon's Due Process Rights Were Not Violated By the Trial Court's Rulings Denying His Counsel Access to the Victim's Post-Assault Counseling Records.**

Castrellon argued on direct appeal, based on *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) and other state law precedent, that the trial court's rulings denying his attorney access to the victim's post-assault counseling records violated his due

---

without waiving that, assuming you deny that, it would be my position that the jury be admonished to disregard the claim of depression.

*The Court*: Your request for a mistrial is denied. Your request for a limiting instruction is denied.

*Doc. 13*, *Exh. J* at pp. 283-285 (sealed).

[19] *Id*.

[20] Castrellon speculates that this ruling shows "that the circuit court sensed that its [earlier] decision was wrong." *Doc. 1* at 7 (quoting from Appellant's brief). The relevant portion of the trial transcript reads as follows:

*Prosecutor*: Okay. After that time period that morning in 2008, at home with you did you notice any specific changes in your daughter?

*Mr. Rosenzweig*: Your Honor, may I approach?

*The Court*: You may.

[Outside the presence of the jury]

*Mr. Rosenzweig*: If I'm getting up on all these issues about behavior, I would like to just have a continuing objection to this and a continuing motion to unseal the records that we talked about before so I don't have to get up and object every time there's an attempt to elicit this testimony.

*The Court*: That's granted, and I'll put the prosecutor on notice. Those records are sealed. If you stomp all over my ruling, I'm going to unseal those records and let him go at 'em. And if we have to grant a mistrial in order to do that because you've decided to delve in an area where I've sealed some records, you're going to suffer the consequences of a mistrial. Are we clear?

*Mr*. Duncan: Yes, sir.

*Doc. 13*, Exh. J at pp. 292-293 (sealed).

process rights under the Fourteenth Amendment. The Arkansas Court of Appeals rejected this argument. First, it found that, "because the trial court conducted an *in camera* review to see if the allegedly privileged materials contained any exculpatory evidence," Castrellon "received the relief afforded by *Ritchie*." *Castrellon v. State*, 2013 Ark. at *6. Second, the Court rejected Castrellon's contention that "he was entitled to review the allegedly privileged information himself." *Id*.

According to Castrellon, "the Arkansas courts' decision to withhold access to the records was an unreasonable application" of *Pennsylvania v. Ritchi*e, *supra*.[21] Instead of offering *any* legal authority to support that proposition, he makes the novel argument that he needs to see those records in order to finalize his argument and demonstrate the constitutional violation.[22] On its face, this argument requests this Court to allow Castrellon to conduct a fishing expedition into the privileged medical records of the minor victim of his sexual assault even though he has already been accorded the *full constitutional protection* authorized by the Court in *Ritchie*, *i.e*., the trial court reviewed those records, *in camera*, and concluded there was nothing in them that Castrellon was entitled to use at trial.

---

[21] *Doc. 1* at p. 16.

[22] In a separate Order, filed contemporaneously with this Recommended Disposition, the undersigned United States Magistrate Judge has denied Castrellon's request for access to the sealed records.

The Arkansas Court of Appeals' interpretation of the *Ritchie* decision is entitled to deference. The applicable standard of review imposes an onerous burden on Castrellon. A federal court will not grant habeas relief unless a state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" clearly established federal law if it reaches a conclusion opposite that of the United States Supreme Court on a question of law, or reaches a decision contrary to the United States Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of federal law when it identifies the correct legal rule, but unreasonably applies it to the facts. *Id*. at 407. "A state court's application of clearly established federal law must be objectively unreasonable, not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).

Castrellon's burden is to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 134 S. Ct. 16 (2013) (internal quotations omitted). The Court concludes that Castrellon has failed to make that showing.

The Arkansas Court of Appeals disposed of the issue Castrellon is now raising in one paragraph:

> On appeal, Castrellon first urges that, under *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S. Ct. 989, 94 L. Ed. 2d 40 (1987), he was entitled to an in camera review of the allegedly privileged information to determine whether the materials contained any exculpatory evidence. The circuit court here conducted the in camera review afforded by *Ritchie*. Castrellon appears to contend that he was entitled to review the allegedly privileged information himself. His argument, however, misapprehends the holding of *Ritchie*. In *Ritchie*, the Supreme Court held that a "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [State's] files." 480 U.S. at 59. Rather, a defendant's "interest (as well as that of the [State]) in ensuring a fair trial can be protected fully by requiring that the [privileged] files be submitted only to the trial court for an in camera review." *Id*. at 60. Castrellon received the relief afforded by Ritchie, and we therefore find no error.

*Castrellon v. State*, 2013 Ark. App. 408, 6, 428 S.W.3d 607, 611-612.

This is a fair application of *Ritchie*, which held that a criminal defendants' due process right to a fair trial required that the victim's therapy records be subject to the trial court's *in camera* review, but *rejected* the argument that defense counsel was entitled to review those records.[23]

In *Johnson v. Norris*, 537 F.3d 840 (8th Cir. 2008), the Court rejected a similar habeas claim made by an Arkansas habeas petitioner. Unlike the Pennsylvania statute before the Court in *Ritchie*, the Eighth Circuit noted that

[23] *Ritchie*, 480 U.S. at 60 ("Ritchie's interest . . . in ensuring a fair trial can be protected fully by requiring that the CYS files be submitted only to the trial court for *in camera* review."). The *Ritchie* Court reversed the Pennsylvania Supreme Court's ruling that Ritchie's attorney was "entitled to review the entire file to search for any useful evidence." *Id*. at 46.

Arkansas's psychotherapist-patient privilege is "waivable only by the person who is entitled to assert it," while the Pennsylvania statute "contemplated some use of agency records in judicial proceedings, and provided that information would be disclosed when directed by court order."[24] This led the Court in *Johnson* to make the following observation:[25]

> Although *Davis* [*v. Alaska*, 415 U.S. 308 (1974)] and *Ritchie* establish that at least in some circumstances, an accused's constitutional rights are paramount to a State's interest in protecting confidential information, those decisions do not establish a specific legal rule that answers whether a State's psychotherapist-patient privilege must yield to an accused's desire to use confidential information in defense of a criminal case. . . . Given the absence of direct guidance from the Supreme Court in this area, the decisions of the Arkansas courts to enforce the psychotherapist-patient privilege under these circumstances were within the range of reasonableness permitted by AEDPA.[26]

*See also Batey v. Haas*, United States District Court, Case No. 05-CV-73699, 2013 WL 1810762, *10 (E.D. Michigan April 30, 2013) ("there is no clearly established federal law that answers whether a state's psychotherapist-patient privilege must yield to a criminal defendant's desire to use such confidential information in defense of a criminal case").

In this case, the trial court conducted a pretrial *in camera* review of the victim's post-assault counseling records, which is precisely what the Court in

---

[24] *Johnson v. Norris*, 537 F.3d at 846.
[25] *Id*.
[26] *Id*. at 846-847.

*Ritchie* held was constitutionally required. Castrellon has failed to provide any legal authority to support his position that the Fourteenth Amendment entitles *him* to conduct *his own* independent review of his victim's post-assault mental health counseling records (all of which are privileged under Ark. R. Evid. 503). He also has failed to explain how the Arkansas Court of Appeals' interpretation of *Ritchie*, as its basis for rejecting his due process claim, is "an unreasonable application of . . . clearly established federal law."[27]

Finally, out of an abundance of caution, this Court ordered Respondent to provide it with a copy of the mental health counseling records in question so that it could conduct its own *in camera* review of those documents.[28] On November 16, 2016, those counseling records were submitted to the Court, under seal.[29]

After carefully reviewing those records, this Court can find nothing in them that is exculpatory or that fairly could have been used in cross-examining the victim. Accordingly, there is nothing in those records "that probably would have changed the outcome of [Castrellon's] trial" or that is "material to the fairness of the trial." *Ritchie*, 480 U.S. at 39, 58, 60. By conducting this second *in camera* review, Castrellon has now received, if anything, an overly expansive interpretation of *Ritchie* and *Johnson*.

---

[27] 28 U.S.C. § 2254(d)(1).
[28] *Doc. 14*.
[29] *Doc. 18* (sealed).

**2. Standing Alone, the Alleged Evidentiary Errors Committed By the State Courts Do Not Rise to the Level of a Cognizable Federal Constitutional Violation.**

On direct appeal, the Arkansas Court of Appeals rejected Castrellon's arguments that the trial court erred in: (1) finding that the victim's counseling records were privileged under Ark. R. Evid. 503(b); and (2) ruling that the victim's testimony about her post-assault depression did not constitute a waiver of the privilege to keep those records confidential under Ark. R. Civ. 510.[30] The Court found that Castrellon's Rule 503(b) argument was barred by prior Arkansas Supreme Court rulings,[31] and declined to consider his Rule 510 argument because "Castrellon neither raised his Rule 510 waiver argument nor obtained a ruling on it before the circuit court."[32]

Castrellon contends that the Arkansas Court of Appeal's holding that his Rule 510 argument was not preserved for appellate review should *not* be considered an adequate state bar precluding federal habeas relief. Respondent argues that: (1) because the Arkansas Court of Appeals fully and adequately rejected Castrellon's Rule 510 argument, based on the long and well-established

---

[30] *Castrellon v. State*, 2013 Ark. App. at **6-7.

[31] *Id*. at **6-8. *See also Johnson v. State*, 342 Ark. 186, 195 (2007) (Ark. R. Evid. 503(d)(3)(A) "clearly anticipates that the privilege is inapplicable only as to a *party* to a proceeding who brings his or her own physical, mental, or emotional condition into issue.") (emphasis in original); *State v. K.B.*, 2010 Ark. 228 at *8 (holding that the victim of the crime being prosecuted is not a party to the criminal proceeding and does not have a claim).

[32] *Castrellon v. State*, 2013 Ark. App. at *8.

state law which required him to preserve his objection with the trial court, this Court is barred from considering the merits of that state law issue in a federal habeas action; and (2) Castrellon has procedurally defaulted the issue by failing to raise his Fourteenth Amendment due process claim in state court.

The Court agrees with both of Respondent's arguments and concludes that: (1) Castrellon has procedurally defaulted his Rule 510 argument; (2) the Court, in any case, is barred from considering the merits of that issue because it involves a question of state law that was fully and adequately resolved by the Arkansas Court of Appeals. *See, e.g.*, *Bell v. Norris*, 586 F.3d 624, 633 (8th Cir. 2009) (noting Arkansas's "well-established and regularly applied rule" obligating appellants to obtain a trial ruling in order to preserve an issue for appellate review and citing cases).[33]

**3. Castrellon's Ineffective Assistance of Counsel Argument is Without Merit.**

In the alternative, Castrellon argues that, if his Rule 510 argument is held to be procedurally defaulted, then his counsel was ineffective for "not intoning the magic words required by the Arkansas appellate courts."[34] He argues that

[33] Castrellon cannot transform this question of state evidentiary law into a federal constitutional issue by asserting *for the first time* in this habeas action that it violated his due process rights. As Respondent correctly points out, Castrellon failed to fairly present his Ark. R. Evid. 510 "waiver argument" as a federal due process claim either in the trial court or on direct appeal. *Doc. 10* at pp. 3-5.

[34] *Doc. 1* at p. 16.

prejudice may be demonstrated by the same evidence entitling him to substantive relief.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Court articulated a two-part test for determining if a criminal defendant's counsel has been constitutionally ineffective: First, the attorney's conduct must fall below "an objective standard of reasonableness"; *and*, Second, the attorney's deficient performance must prejudice the defendant. *Id.* at 687-88. A defendant is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If a prisoner fails "to establish either *Strickland* prong [it] is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

Assuming, *arguend*o, that Castrellon's counsel was constitutionally ineffective for not raising and preserving the Rule 510 evidentiary issue, the Court concludes that *no prejudice* occurred. Based on the state trial court's *in camera* review of the victim's post-assault counseling records (which is consistent with this Court's own *in camera* review of those documents), there is simply *no factual basis* from which any court could conclude that there is a "reasonable probability" the jury's verdict would have been different if those records had been made

available to Castrellon's counsel before his cross-examination of the victim and other witnesses.

## III. Conclusion

For all of the foregoing reasons, the Court concludes that all of Castrellon's habeas claims either fail on the merits or are procedurally defaulted.

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED and this habeas case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 20th day of December, 2016.

________________________________
UNITED STATES MAGISTRATE JUDGE